**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TEODORO OROZCO-CASTILLO, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 11-0141(NLH) |
| v. | : |  |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Respondents. | : |  |

**APPEARANCES:**

> TEODORO OROZCO-CASTILLO, #16412-045
> FCI Fort Dix
> P.O. 2000
> Fort Dix, NJ 08640
>   Petitioner Pro Se

**HILLMAN, District Judge**

Teodoro Orozco-Castillo, a federal prisoner confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on May 12, 2004, by the United States District Court for the Western District of Missouri. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND**

Petitioner challenges his incarceration pursuant to an aggregate 240-month term of imprisonment imposed by judgment

entered May 17, 2004, after a jury found him guilty of conspiring to distribute 50 grams or more of methamphetamine and aiding and abetting the possession of 50 grams or more of methamphetamine with the intent to distribute.  See United States v. Orozco-Castillo, Crim. No. 03-0344-FJG-2 judgment (W.D. Mo. May 14, 2004).  Petitioner appealed, arguing that his sentence violated the Sixth Amendment and United States v. Booker 543 U.S. 220 (2005).  On April 22, 2005, the Eighth Circuit affirmed.  See United States v. Orozco-Castillo, 404 F. 3d 1101 (8th Cir. 2005).

On April 14, 2006, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate the sentence.  See Orozco-Castillo v. United States, Civ. No. 06-0324 (FJG) order (W.D. Mo. June 28, 2006).  By order entered June 28, 2006, the sentencing court denied relief.

Petitioner, who is now confined at FCI Fort Dix in New Jersey, executed a form § 2241 petition on January 4, 2011.  Petitioner argues that 28 U.S.C. § 2255 is inadequate or ineffective for his claim that he is actually innocent because there was insufficient evidence to convict him.  (Docket Entry #1, pp. 10-19.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1]  See 28 U.S.C. § 2255(e).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2] The Court of Appeals first determined that Dorsainvil could not raise the

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See Bousley v. United States, 523 U.S. 614 (1998).

Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[3]

Here, Petitioner's claim - he is actually innocent because there was insufficient evidence to convict him - is within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective.  Section 2255 is not inadequate or ineffective for Petitioner's claim, however, because he does not contend

---

[3] Several courts of appeals have adopted similar tests.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted (conspiracy to distribute methamphetamine and aiding and abetting possession with intent to distribute methamphetamine) is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009) (petitioner may not challenge federal sentence on Booker grounds via a writ of audita querela); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument").  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claim, this Court lacks jurisdiction to entertain Petitioner's claim under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

                                                /s/ NOEL L. HILLMAN
                                              **NOEL L. HILLMAN, U.S.D.J.**

Dated:   JANUARY 13 , 2011

At Camden, New Jersey