```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TEODORO OROZCO-CASTILLO, | **Hon. Noel L. Hillman** |
| Petitioner, | Civil No. 11-0141(NLH) |
| v. |  |
| UNITED STATES OF AMERICA, et al., | **MEMORANDUM OPINION** |
| Respondents. |  |

**HILLMAN, District Judge**:

    1.  On January 10, 2011, Petitioner Teodoro Orozco-Castillo, a federal prisoner confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on May 12, 2004, by the United States District Court for the Western District of Missouri.  See United States v. Orozco-Castillo, Crim. No. 03-0344-FJG-2 judgment (W.D. Mo. May 14, 2004). Petitioner argued that the evidence was insufficient to support his conviction of conspiring to distribute 50 grams or more of methamphetamine and aiding and abetting the possession of 50 grams or more of methamphetamine with the intent to distribute.

    2.  By Order and Opinion entered January 14, 2011, this Court dismissed the Petition for lack of jurisdiction because a motion under 28 U.S.C. § 2255 was not inadequate or ineffective for Petitioner's claim that he is actually innocent because there was insufficient evidence to convict him.  See 28 U.S.C. §

2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"); Cradle v. U.S. ex rel. Miner, 290 F. 3d 536 (3d Cir. 2002).

   3.   On February 7, 2011, Petitioner filed a "MOTION TO RECONSIDER COURT'S JURISDICTIONAL DENIAL OF PETITIONER'S TITLE 28 U.S.C. § 2241 PETITION."  (Docket Entry #7.)  Citing Schlup v. Delo, 513 U.S. 298 (1995), Jackson v. Virginia, 443 U.S. 307 (1979), and Bellomo v. United States, 297 F. Supp. 2d 494 (E.D.N.Y. 2003)[1], Petitioner contends that this Court should reconsider dismissal of his Petition because he "is not challenging his sentence, he is asserting that he is innocent, there was insufficient evidence to convict him."  (Docket Entry #7, p. 3.)

   4.   "The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).  A proper motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the

---

   [1] In Bellomo, the U.S. District Court for the Eastern District of New York transferred the § 2241 petition to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) without ruling on the merits of Bellomo's challenge to his federal sentence.

need to correct clear error of law or prevent manifest injustice. See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

5. In this case, Petitioner argues that reconsideration is necessary to correct a clear error of law or prevent manifest injustice resulting from the incarceration of one who is actually innocent. However, this Court considered and rejected Petitioner's claim that § 2255 is inadequate or ineffective for his actual innocence claim. See, e.g., Piggee v. Bledsoe, 2011 WL 179688 (3d Cir. Jan. 20, 2011) ("Piggee asserts that he is actually innocent of being a career offender, and that, under Dorsainvil, his claim is properly brought under Section 2241. He is mistaken. Dorsainvil allows relief under Section 2241 when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal").

6. Here, Petitioner advanced the same arguments that were in his Petition. "Because this is not a proper basis for reconsideration," this Court will deny the motion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

7. An appropriate Order accompanies this Memorandum Opinion.

                                             /s/ NOEL L. HILLMAN
                                             **NOEL L. HILLMAN**
                                             United States District Judge

Date: February 24, 2011
At Camden, New Jersey